**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

NICHOLAS NNAJI                                                                                                    PLAINTIFF
REG. #97766-079

V.                                          NO: 4:07CV00937 BSM/HDY

USA                                                                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the federal correctional institution in Seagoville, Texas, filed a *pro se* complaint (docket entry #2), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") on October 5, 2007, naming only the USA as a Defendant. On November 26, 2007, Plaintiff filed an amended complaint naming additional Defendants J. Huff, J. Duby-Gilley, M. Danaher, and H. Thornton, and service was ordered. Now pending is Defendants' motion for summary judgment, brief in support, and statement of facts (docket entries #22-#24). Plaintiff filed a response and brief in support (docket entries #27 & #28). Defendants filed a reply to the response (docket entry #29), to which Plaintiff responded (docket entry #30). Defendants then filed a reply to that response (docket entry #31).

### **I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, while he was incarcerated at the Federal Correctional Institution in Forrest City, he was placed in solitary confinement in the special housing unit from October 7, 2004, to October 14, 2004, allegedly in retaliation for using the administrative remedy process. On October 25, 2004, Plaintiff was charged by prison officials with possession of narcotics, and again placed into the special housing unit. Plaintiff was held there until December 8, 2004, when he was found not guilty and released from the special housing unit. However, Plaintiff alleges that, as a result of his confinement, and due to the accompanying lack of access to law library materials, he was unable to properly research, and file a "meaningful" petition for a writ of *habeas corpus*, which effectively denied him the chances he had of seeing his conviction overturned.[1]

Defendants assert that Plaintiff's claims against the individual Defendants, brought pursuant

---

[1] According to documentation submitted with Plaintiff's response to Defendants' motion, his conviction became final on November 11, 2003, and he had one year from that date to file his *habeas* petition (docket entry #28, exhibit A).

to *Bivens*, should be dismissed because he failed to exhaust his administrative remedies; and that his FTCA claims should be dismissed because he has failed to state a claim upon which relief may be granted.

A.  *Bivens* claims

According to Plaintiff's complaint, the individual Defendants violated his Constitutional rights by retaliating against him for using the grievance process, and by denying him access to the courts. The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the Complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). According to the attached declaration of An Tran, an attorney-advisor with the Federal Bureau of Prisons who has access to inmates' administrative remedy records, Plaintiff has exhausted only two grievances, neither of which pertain to the claims raised in this lawsuit (docket entry #23, exhibit #1). Plaintiff has not challenged Tran's assertion, or provided any evidence to suggest he has exhausted any of his *Bivens* claims against the individual Defendants. Accordingly, all Plaintiff's *Bivens* claims against the individual Defendants should be dismissed.

B.  FTCA claim

Defendants assert that Plaintiff's FTCA claim should be dismissed because he is unable to establish the necessary elements for a tort claim. What Plaintiff is in essence asserting is a deprivation of his federal constitutional right to access the courts. However, a constitutional tort claim cannot be remedied through the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994); *Washington v. Drug Enforcement Administration*, 183 F. 3d 868, 873 (8th Cir. 1999). Under the

FTCA, the United States is liable for torts "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674. "[U]nder like circumstances" means there must be a "private analogue" in state law to government's conduct. *Washington* at 873. Because there is no "private analogue" for the government's conduct at issue here, Plaintiff cannot maintain an FTCA claim for denial of access to the courts. The appropriate vehicle to address constitutional violations by federal officials is a *Bivens* action

Plaintiff has not exhausted his *Bivens* claims. The FTCA is not the appropriate vehicle to address his *Bivens* constitutional claims. Accordingly, Plaintiff's complaint should be dismissed without prejudice as to his *Bivens* claims, and with prejudice with respect to his FTCA claims.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #22) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his *Bivens* claims, and WITH PREJUDICE with respect to his FTCA claims.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___24___ day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE