**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**NICHOLAS NNAJI**                                                                                    **PLAINTIFF**
**REG. #97766-079**

**v.**                                          **NO: 4:07CV00937 BSM**

**UNITED STATES OF AMERICA;**
**J. HUFF, in her official and individual**
**capacities; J. DUBY-GILLEY, in her**
**official and individual capacities;**
**M. DANAHER, in his official and individual**
**capacities; H. THORNTON, in his official and**
**individual capacities**                                                          **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff, currently incarcerated at the federal correctional institution in Seagoville, Texas,

filed a *pro se* complaint, pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") on October 5, 2007, naming

only the United States of America as a defendant.  On November 26, 2007, plaintiff filed an

amended complaint naming additional defendants, J. Huff, J. Duby-Gilley, M. Danaher, and H.

Thornton, and service was ordered.  Defendants filed a motion for summary judgment, brief in

support, and statement of facts, to which plaintiff filed a response and brief in support.

Defendants filed a reply, to which plaintiff responded.  Defendants then filed a reply to that

response.

On July 24, 2008, United States Magistrate Judge H. David Young submitted proposed

findings and recommended disposition.  Magistrate Judge Young recommended dismissal of

plaintiff's FTCA claim for failure to state a claim upon which relief may be granted because the

FTCA is not the appropriate vehicle to address plaintiff's *Bivens* constitutional claims.

Magistrate Judge Young also recommended dismissal of plaintiff's *Bivens* claims for failure to exhaust administrative remedies.  Plaintiff filed an objection, and defendants responded.

After carefully considering the objections and making a *de novo* review of the record in this case, the court approves and adopts the proposed findings and recommended disposition regarding plaintiff's FTCA claim.  The court, however, declines to adopt the proposed findings and recommended disposition regarding plaintiff's failure to exhaust his administrative remedies as to his *Bivens* claims.

Under the Bureau of Prisons' administrative remedy procedure, inmates are encouraged to attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team through the use of a BP-8 1/2.  28 C.F.R. § 542.13(a).  If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint, a BP-9, with the Warden within twenty days of the date on which the basis of the complaint occurred.  28 C.F.R. § 542.14.  If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director through the use of a BP-10.  28 C.F.R. § 542.15.  If the inmate is dissatisfied with the regional response, he or she may appeal the Regional Director's response to the National Inmate Appeals Administrator, Office of General Counsel.  *Id*.  Plaintiff must be denied at all levels to "exhaust" his administrative remedies.

In his objection, plaintiff asserts that he attempted to exhaust his administrative remedies, but prison officials prevented him from utilizing the procedures, and prison officials failed to comply with the grievance procedures.  Specifically, plaintiff states that he was placed in solitary confinement in the special housing unit ("SHU") from October 7, 2004, to October 14, 2004, in retaliation for previously using the administrative remedy process.  He further states that on

2

October 25, 2004, two Bureau of Prisons ("BOP") officers confiscated his legal materials and papers, "including his prepared § 2255 petition" that he had been preparing and researching for over ten months.  Plaintiff's deadline for his § 2255 petition was November 10, 2004.  The BOP officers escorted him to the SHU, without his legal materials and papers and he was charged with possession of narcotics and placed in the SHU solitary confinement.  Plaintiff asserts that he was falsely charged without cause.

Plaintiff also asserts that after being escorted to the SHU, he immediately requested a cop-out, BP-8, and BP-9 forms, but was told that the forms were not available in the SHU.  He states that after he did not receive the forms for a few hours, he wrote a cop-out requesting the forms on an ordinary piece of paper and sent it to the Unit Counselor, J. Huff.  Plaintiff subsequently wrote his BP-8 informal resolution complaint on a plain piece of paper and sent it to Ms. Huff on October 25, 2004.  *See* Exhibit 8, defendants' motion to dismiss or for summary judgment ("defendants' motion").  Plaintiff states that he also sent a cop-out to the Unit Manager, J. Dube-Gilley, in which he requested his legal materials and papers and BP-8 and BP-9 forms, but he did not receive the requested items.

On November 1, 2004, Ms. Huff responded to plaintiff's hand-written BP-8 by stating:

> Attached is a copy of your detention order which explains why you are in special housing.  You need to send a cop out to the SHU officer for time in the law room while you are in SHU.  No one in the unit team is involved in trying to keep you from working on your legal work.  If you have further questions, please feel free to talk to Captain Marques.

*Id*.  Plaintiff states that Ms. Huff did not enclose a form BP-9 with her response.  Plaintiff also states that he sent a cop-out to Captain Marques, but never received a response.

Plaintiff asserts that he did everything he could to obtain the administrative remedy forms, but was consistently advised that only Ms. Huff could provide them.  Plaintiff also asserts that when he asked why he had not received the forms when Ms. Huff and Mr. Danaher came to SHU on November 2, 2004, Ms. Huff stated, "Since Mr. Nnaji has been trying to get the unit team fired by filing a BP-9 and a BP-8 against them on October 6[,] and October 25, 2004, respectively, the UDC is recommending that he receive the maximum punishment on the Narcotics Possession charge against him" and "we are not giving him any more administrative remedy forms."

Plaintiff states that he sent a BP-9 on an ordinary piece of paper to the Warden through Ms. Huff on November 4, 2004.  Plaintiff further states that the Warden came to the SHU and told him that she would look into his case in early December, 2004, but the Warden did not follow up.  He also states that his requests for legal books and to go to the main law library were denied or not responded to by prison officials.  Plaintiff states that he was in the SHU until December 8, 2004, when he was found not guilty of possession of narcotics by the Disciplinary Hearing Officer ("DHO") and released from the SHU.

In support of his objection, plaintiff submits a document regarding the grievance procedure, which states that cop-outs "may be obtained in the living units from the Correctional Officer on duty," staff are required to respond to cop-outs in a "reasonable" period of time, and that if the issue cannot be resolved informally, "the Correctional Counselor will issue a . . . (BP-9) form."  *See* Exhibit B, plaintiff's objection.  Staff have fifteen calendar days to act on and provide a written response to a BP-9 complaint and thirty calendar days to answer a BP-10 complaint.  *Id*.  The BP-10 "must have a copy" of the BP-9 form and response attached.  *Id*.  The

4

National Appeal "must be made" on the BP-11 form and "must have copies" of the BP-9 and BP-10 forms, with responses. *Id.*

Plaintiff asserts that because he was deprived of his legal materials and papers and confined in SHU, he was unable to timely raise critical and important issues in his original § 2255 motion, which he filed on November 2, 2004. As stated above, plaintiff's deadline for his § 2255 petition was November 10, 2004. Plaintiff subsequently filed his amended § 2255 motion. In ruling on plaintiff's § 2255 motions, the district court held that several of the claims raised by plaintiff in his amended motion were time-barred. *See* Exhibit 5 p.10-12, defendants' motion.

In response to plaintiff's objection, defendants assert that plaintiff was able to file grievances, as he did so on regular paper and received a response. Defendant states that plaintiff's grievance to the Warden regarding the possession of narcotics charge was addressed by the Warden, as the charge was expunged after the Warden spoke with the plaintiff. The DHO Report, however, indicates that a hearing was held on the matter. *See* Exhibit 8, defendants' motion for summary judgment. Furthermore, the administrative complaint record submitted by defendants does not contain a copy of plaintiff's grievance to the Warden, although it appears that defendants concede such a complaint was made.

Defendants also assert that plaintiff did not attempt to file a grievance regarding his claims of violations of the First Amendment for retaliation for filing grievances, Fifth Amendment for failure to serve upon the inmate an Incident Report within the time period proscribed by BOP policy, and Eighth Amendment. Rather, plaintiff's focus was on his "legal work" and his DHO hearing for the narcotics possession charge. However, review of plaintiff's amended complaint reveals that plaintiff bases his constitutional claims, in part, upon denial of

access to the courts through the deprivation of his legal materials and papers, which is the subject of plaintiff's handwritten BP-8 send to Ms. Huff on October 25, 2004.  Although defendants assert that plaintiff received responses each time he submitted a grievance, plaintiff's allegations do not confirm the receipt of responses to each grievance.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  "This provision does not require exhaustion of *all* remedies; it requires the exhaustion of 'such administrative remedies as are available.'" *Id*.  "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)."  *Id*. (holding that the prisoner's allegations raised an inference that he was prevented from utilizing the prison's administrative remedies) (citing *Johnson v. Garraghty,* 57 F. Supp. 2d 321, 329 (E.D. Va. 1999) (dispute as to whether prisoner plaintiff was prevented from exhausting remedies required evidentiary hearing to determine whether remedies were "available"); *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir. 1998) (*per curiam*), *cert. denied,* 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) (citing with approval pre-PLRA decision commenting that administrative remedy was inadequate where prison officials ignored or interfered with the prisoner's attempts to exhaust remedies)).

The Eighth Circuit has "excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures," or "when officials themselves have failed to comply with the grievance procedures."  *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v.*

*Charrier*, 262 F.3d 687, 698 (2001) (rejecting the argument that the inmate failed to exhaust his available administrative remedies because defendant failed to point to any evidence that established the inmate could have filed a grievance despite defendant's failure to respond to the inmate's initial filing)).

While the court does not at this time resolve the question of whether plaintiff, in fact, complied with § 1997e(a), the court concludes that the allegations in plaintiff's objection to the magistrate judge's proposed findings and recommendations are sufficient to create an issue of fact as to whether he exhausted his "available" remedies.  The court, however, agrees with defendants that plaintiff's *Bivens* claims against defendants United States of America and Federal Bureau of Prisons employees J. Huff, J. Dube-Gilley, M. Danaher, and H. Thornton, in their official capacities, are barred by the doctrine of sovereign immunity.  *See Buford v. Runyon,* 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against government official in official capacity is suit against United States; *Bivens* action cannot be prosecuted against United States because of sovereign immunity).  Therefore, plaintiff's *Bivens* claims against defendants United States of America, and J. Huff, J. Dube-Gilley, M. Danaher, and H. Thornton, in their official capacities, are dismissed.  Plaintiff's *Bivens* claims against defendants Huff, Dube-Gilley, Danaher, and Thornton, in their individual capacities, will proceed.

Accordingly, defendants' motion for summary judgment (Doc. No. 22) is GRANTED in part, and DENIED in part.  Plaintiff's complaint is DISMISSED WITH PREJUDICE with respect to his FTCA claims.  Plaintiff's *Bivens* claims against defendants J. Huff, J. Dube-Gilley, M. Danaher, and H. Thornton, in their official capacities, and the United States of America are dismissed.

7

IT IS SO ORDERED THIS 8th  day of September, 2008.

_____

UNITED STATES DISTRICT JUDGE