**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**NICHOLAS NNAJI**                                                                      **PLAINTIFF**
**REG. #97766-079**

**v.**                           **NO: 4:07CV00937 BSM**

**UNITED STATES OF AMERICA**                                 **DEFENDANT**

**ORDER**

On October 16, 2008, plaintiff filed his objections to the magistrate judge's order denying his motion for appointment of counsel. Although plaintiff does not explicitly set forth whether he seeks reconsideration by Magistrate H. David Judge Young or the undersigned, the court liberally construes plaintiff's objection as a motion for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff asserts that his case is factually and legally complex, and he has no legal training. He also states that because he is incarcerated in Texas, he needs assistance of counsel to interview his potential witnesses in Arkansas where his case is proceeding in preparation for an evidentiary hearing and trial.

In Judge Young's October 2, 2008, order denying plaintiff's motion for appointment of counsel, Judge Young stated:

> [T]he Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that the plaintiff, as well as the Court, will benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*.

      at 1322-23.  These factors are not an exclusive checklist, and the "weight to be given any one factor will vary with the case."  *Id*. at 1323[.]

Judge Young concluded that plaintiff's claims are not legally or factually complex, and the record demonstrated that plaintiff is capable of presenting his claims without the benefit of appointed counsel.  Therefore, Judge Young denied plaintiff's motion "at this time."  The court cannot say that Judge Young's denial of plaintiff's motion for appointment of counsel was clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).

      Accordingly, plaintiff's motion for reconsideration (Doc. No. 54) is denied.

      IT IS SO ORDERED this 22nd day of October, 2008.

                                          */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE