**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

NICHOLAS NNAJI                                                                               PLAINTIFF
REG. #97766-079

V.                                          NO: 4:07CV00937 BSM/HDY

USA                                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

An evidentiary hearing was held in this case on March 3, 2009. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

## **I. Facts**

Plaintiff appeared in person, and testified, as did Defendants Jane Huff, a counselor; Jill Dube-Gilley, a unit manager; Mike Danaher, a case manager; and Michael Thornton, a correctional officer. Huff and Danaher are part of Plaintiff's "unit team," responsible for issues such as his housing and program placement, and Dube-Gilley was Plaintiff's unit manager at the relevant time. Thornton's job as a correctional officer is unrelated to the unit team. The essence of Plaintiff's complaint is that Defendants retaliated against him for exercising his right to utilize the grievance process, and denied him access to the courts.

Plaintiff had been convicted of a violation of federal drug laws, and was incarcerated at the

Federal Correctional Institution in Forrest City, when he filed an administrative remedy against his unit team on October 6, 2004 (Plaintiff's exhibit #6). The grievance related to Plaintiff's desire for a different work assignment. The following day, Plaintiff was taken to solitary confinement in the special housing unit ("SHU"). Upon Plaintiff's release from the SHU on October 14, 2004, and due to his desire to have a different unit team, he requested relocation from his W-C housing unit to the W-D housing unit. At that time, Plaintiff was placed into the W-D unit, due to a lack of bed space at the W-C unit. When a bed in the W-C unit became available, Plaintiff was transferred back, on about October 24, 2004. The next day, Plaintiff wrote another staff request. Later that day, Plaintiff was again escorted to the SHU, and charged with possession of narcotics. The SHU assignment was particularly worrisome for Plaintiff because he had an impending deadline to file a 28 U.S.C. § 2255 petition, and feared the more restrictive environment of the SHU might prevent him from completing his petition. Although Plaintiff asked the officers to allow him to continue to work on his § 2255 petition, which was due November 11, 2004, he was nevertheless taken to the SHU, and not allowed to bring his personal legal materials at the time. Plaintiff did not receive the incident report for the narcotics charge until November 2, 2004, approximately nine days after the incident. Prison policy requires that such reports be provided within 24 hours of the incident. Policy additionally requires that the unit disciplinary committee ("UDC") have a hearing within three working days of the incident, but Plaintiff did not have a hearing until nine days after the incident. The delay was the result of the report being lost in the lieutenant's office, not due to the actions of any Defendant (Government exhibit #8).

Plaintiff's UDC hearing was before Huff and Danaher, who referred the case to a disciplinary hearing officer ("DHO"). At that time, a recommendation was made for the maximum sanction.

The nature of Plaintiff's charge meant that it had to be heard by a DHO, and the evidence indicates that all drug possession charges were recommended for maximum sanction, because of the seriousness of the incident.  Immediately upon being placed into the SHU on October 25, 2004, Plaintiff began filing a grievance and a request to be moved, and explained the need he had to get his legal papers.  However, Plaintiff was not released from the SHU, or given access to his legal paperwork.  Plaintiff also was given what he believes to be insufficient access to law books and materials.  In an effort to file something in a timely fashion, Plaintiff filed a § 2255 petition on November 2, 2004, without the benefit of his personal legal paperwork.

On December 8, 2004, the DHO found Plaintiff innocent of the drug charge, and he was released from the SHU.  Twelve days later, Plaintiff filed an amended § 2255 petition, raising additional issues discovered after he had a chance to review his paperwork.  However, Plaintiff's amended petition was deemed to be untimely and was rejected, and Plaintiff's petition was ultimately unsuccessful.

## II.  Analysis

Plaintiff contends that the disciplinary charges were made in retaliation for his use of the grievance process, and that his rights to access the courts was violated.  Each claim will be addressed individually.[1]

*A.  Retaliation*

Two disciplinary matters are at issue in this case.  The first was on October 6, 2004, and the second on October 25, 2004.  Plaintiff asserts that he was placed into the SHU in retaliation for

---

[1]Defendants also asserted that Plaintiff failed to exhaust his administrative remedies with respect to the claims raised in this lawsuit.  Because this recommendation addresses the merits of the case, there is no need to consider exhaustion at this time.

grievances he filed. If Plaintiff was charged with a false disciplinary report because of his grievances, it would be a violation of his rights. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure).[2] Although Plaintiff believes that the SHU moves were made in retaliation, the evidence indicates that the first time Plaintiff was taken to the SHU, it was because of an investigation of Plaintiff's alleged encouraging of a group disturbance regarding television programming. Plaintiff was advised of that reason, though it does not appear that he was formally charged with a rules infraction (Plaintiff's exhibit #7). Plaintiff was taken to the SHU the second time and charged with a disciplinary infraction by Thornton, who is not part of the unit team about which Plaintiff complained, and who discovered narcotics in Plaintiff's bunk.[3] Plaintiff's assertions that those actions were retaliatory are based on nothing more than the fact that he had previously complained about wanting to transfer to another unit team. Plaintiff's conclusory allegations are insufficient to meet his burden of proving retaliation on the part of any Defendant. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory).

---

[2]Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).

[3]Thornton discovered the narcotics after a search of Plaintiff's cell. Thornton initiated the search after receiving an anonymous note alleging that Plaintiff was in possession of the drugs. After he found the narcotics, Thornton completed an incident report, which was submitted to his lieutenant.

*B.  Access to courts*

To prevail on an access to the courts claim, Plaintiff must demonstrate that he was prejudiced in some legal proceeding due to Defendants' action.  *Lewis v. Casey*, 518 U.S. 343, 350-353 (1996). Plaintiff alleges that his lack of access to his personal legal files resulted in him being unable to file a comprehensive § 2255 petition.  After his release from the SHU, Plaintiff did attempt to submit an amended § 2255 petition, but was not able to because it was untimely.  However, even if his court access was blocked as a result of his lack of access to his personal legal files, the evidence at the hearing demonstrated that no Defendant was in charge of Plaintiff's legal materials once he was transferred to the SHU.  Rather, Plaintiff's files were in the custody of the SHU officer.  Indeed, when Plaintiff complained of legal access, he was advised to contact the SHU officer for assistance (Government exhibit #2).  Thus, if Plaintiff was denied access to his legal files, it was not as a result of the actions of any Defendant.

To the extent that Plaintiff claims a violation as a result of not receiving the narcotics charge, or a hearing on the charge, in a timely fashion under prison policy, the Court notes that violation of prison policy is not a constitutional violation.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Because the evidence introduced at the hearing demonstrated that Plaintiff was not disciplined for any retaliatory reason, and because any harm he sustained as a result of not having access to his personal legal files was not the responsibility of any Defendant, his complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff's complaint be DISMISSED WITH

PREJUDICE.

      DATED this   17   day of March, 2009.

 

_____
UNITED STATES MAGISTRATE JUDGE